UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **IN RE REGINALD J PEARNELL**<br>**AKA: REGINALD PEARNELL AND**<br>**MARCUS OWENS SIMMS-PEARNELL**<br>**AKA: MARCUS OWENS SIMMS**<br><br>**DEBTORS** | **CASE NO. 3-21-11948-CJF**<br><br>**CHAPTER 7** |

**MOTION FOR RELIEF FROM STAY**

TO: Debtors, Attorney for Debtors; Michael J. Rynes, Chapter 7 Trustee; U.S. Trustee; and other parties in interest:

1. Wollemi Acquisitions, LLC ("Movant") files this Motion for Relief from Stay against Debtors Reginald J Pearnell and Marcus Owens Simms-Pearnell ("Debtors") in the above-captioned bankruptcy proceeding, pursuant to Fed. R. Bankr. P. 4001 and hereby moves this Court to grant Movant relief from the automatic stay provisions of 11 U.S.C. § 362 requested below, and gives notice of hearing herewith.

2. On September 20, 2021, Debtors filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code.

3. This United States Bankruptcy Court for the Western District of Wisconsin has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

4. Movant holds a valid, perfected interest in the vehicle of Debtors identified as a 2011 NISSAN Altima-4 Cyl. Sedan 4D S, VIN: 1N4AL2AP7BN502227 (the "Collateral"). Copies of the Retail Installment Sales Contract ("Contract") and Evidence of Title are attached as Exhibits "A" and "B" respectively.

5. The estimated replacement value a retail merchant would charge for the Collateral is $6,525.00. A copy of the vehicle valuation is attached as Exhibit "C".

6. As of filing of the motion, Debtors owe a contract balance to Movant of $8,950.98.

7. The monthly payments are $465.66 and are due on day 13 of each month.

8. Debtors are under direct payment defaults to Movant pursuant to the Contract.

9. Debtors defaulted in the contractual amount of $8,950.98. The last payment was received on March 12, 2019. A copy of the payment history is attached as Exhibit "D."

10. Contract was matured on September 13, 2019 and now whole contract balance amount of $8,950.98 is ripe and due.

11. Cause to lift the stay exists because Movant's interest in the Collateral is not adequately protected pursuant to 11 U.S.C. § 362(d)(1) since the value of Collateral continues to decline.

12. Further cause exists to lift the stay because Debtors have no equity in the Collateral and the Collateral is not necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2).

13. Continuation of the automatic stay pursuant to 11 U.S.C. § 362(a) will cause real and irreparable harm to Movant and may deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§ 361, 362.

14. Movant asks the Court to waive the 14-day stay under Rule 4001(a)(3) for any order granting relief from the automatic stay, because there is little or no equity in the Collateral and the value of Collateral continues to depreciate.

**WHEREFORE**, based on the foregoing, Movant seeks termination of the automatic stay, to allow Movant to foreclose or repossess the Debtor's property and, if applicable, to recover insurance proceeds. Movant asks the Court to enter an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 and waiving the 14-day stay of such order under Rule 4001(a)(3). If the Court fails to terminate the automatic stay, Movant asks the Court to enter an order adequately protecting Movant's interest in the Collateral. Movant also asks that any order granted under this motion shall remain in effect should this case be converted to another bankruptcy Chapter.

Further, Movant prays for such other and further relief to which it is justly entitled.

Dated: October 05, 2021

Respectfully submitted:

*/s/ Evan Lincoln Moscov*
**Evan Lincoln Moscov**

Law Office of Evan Moscov
P.O. Box 8305,
Waukegan, IL 60079
Telephone: (312) 969-1977
Fax:
evan.moscov@moscovlaw.com

Attorney for Movant
Wollemi Acquisitions, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **IN RE REGINALD J PEARNELL** | **CASE NO. 3-21-11948-CJF** |
| **AKA: REGINALD PEARNELL AND** | |
| **MARCUS OWENS SIMMS-PEARNELL** | **CHAPTER 7** |
| **AKA: MARCUS OWENS SIMMS** | |
| **DEBTORS** | |

**NOTICE OF MOTION FOR RELIEF FROM STAY**

TO: Debtors, Attorney for Debtors; Michael J. Rynes , Chapter 7 Trustee; U.S. Trustee; and other parties in interest:

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, within fourteen (14) days of the date of this notice, you or your attorney must do the following:

File with the Court a written objection and/or response to the motion and request for a hearing with:

If you mail your request and objection to the Court for filing, you must mail it early enough so the Court receives it within 14 days of the date of this notice.

You must also mail copies of the written objection and request for hearing to:

**Evan Lincoln Moscov**
**Law Office of Evan Moscov**
**P.O. Box 8305,**
**Waukegan, IL 60079**

*Chapter 7 Trustee:*
**Brenda L. Zeddun**
**635 Park Ave., Suite 2**
**Columbus, WI 53925**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

| | |
|---|---|
| Dated: <u>October 05, 2021</u> | Respectfully submitted:<br><br>*/s/ Evan Lincoln Moscov*<br>**Evan Lincoln Moscov**<br><br>Law Office of Evan Moscov<br>P.O. Box 8305,<br>Waukegan, IL 60079<br>Telephone: (312) 969-1977<br>Fax:<br>evan.moscov@moscovlaw.com<br><br>Attorney for Movant<br>Wollemi Acquisitions, LLC |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

| | |
|---|---|
| **IN RE REGINALD J PEARNELL**<br>**AKA: REGINALD PEARNELL AND**<br>**MARCUS OWENS SIMMS-PEARNELL**<br>**AKA: MARCUS OWENS SIMMS** | **CASE NO. 3-21-11948-CJF**<br><br>**CHAPTER 7** |
| **DEBTORS** | |

---

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

---

Evan Lincoln Moscov, attorney of Law Office of Evan Moscov, being an attorney admitted to practice law in this Court, with an office address of P.O. Box 8305 , Waukegan IL 60079, declares that on the date set forth below, I served the annexed Motion for Relief and Notice upon each of the parties named below by electronic transmission or by causing a copy to be mailed thereof by first class mail postage prepaid addressed to each of them as follows:

---

*Debtor Via US Mail:*
Reginald J Pearnell
209 Columbus Street
Lodi, WI 53555

*Debtor Via US Mail:*
Marcus Owens Simms-Pearnell
209 Columbus Street
Lodi, WI 53555

*Chapter 7 Trustee via CM/ECF:*
Brenda L. Zeddun
635 Park Ave., Suite 2
Columbus, WI 53925

*US Trustee via CM/ECF:*
U.S. Trustee's Office
780 Regent Street, Suite 304
Madison, WI 53715

*Counsel for Debtors via CM/ECF:*
Michael J. Rynes
2453 Atwood Avenue, Suite 104
Madison, WI 53704
ryneslaw@tds.net

---

I declare, under penalty of perjury, that the foregoing is true and correct.

Date: October 05, 2021                    Signed:   */s/ Evan Lincoln Moscov*

---

CONSUMER [Prepaid Finance Charge not included]
© Wisconsin Bankers Association 2011

**MOTOR VEHICLE CONSUMER SIMPLE INTEREST INSTALLMENT
SALE AND SECURITY AGREEMENT (Not a Dwelling)**

FIPCO

Boxes Checked Are Applicable.
Boxes Not Checked Are Inapplicable.

## 1. CREDIT SALE AGREEMENT

**Goods Sold and Credit Request.** I purchased from the undersigned seller ("**Seller**") at the price and on the terms of a separate purchase agreement the following goods, and I acknowledge receipt of them, in satisfactory condition. I request that the sale be financed on the terms of this Agreement and agree that all terms and conditions of the purchase agreement, other than financial terms and conditions, survive the execution of this Agreement. I agree to pay to Seller the Amount Financed shown on line 3(e), plus interest, according to the Payment Schedule shown in Section 2 below. This Agreement bears interest at the rate of __26.2900__ % per year on the unpaid balance until the scheduled date of the final installment and after that date at the default rate of __26.2900__ % per year until paid. I agree to pay the Late Charge shown in Section 2 below. I also agree to pay a charge of $ __15.00__ as permitted under §422.202(1)(d), Wis. Stats., for each check presented for payment under this Agreement which is returned unsatisfied. Payments shall be applied (to the extent not prohibited by the Wisconsin Consumer Act) in such order as Seller elects to charges and amounts due under this Agreement. Amounts disclosed in Sections 2 and 3 are computed on the assumption that all installments will be paid when due.

| NEW OR USED | YEAR | NO. CYL | MAKE - TRADE NAME | BODY STYLE (IF TRUCK, TONS CAPACITY) | MODEL | SERIAL NUMBER OR IDENTIFICATION NUMBER |
|---|---|---|---|---|---|---|
| USED | 2011 | 4 | NISSAN | SD | ALTIMA | 1N4AL2AP7BN502227 |

### 2. TRUTH-IN-LENDING DISCLOSURES ("e" means an estimate)

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled | Total Sale Price The total cost of my purchase on credit, including my downpayment of $ 2500.00 |
|---|---|---|---|---|
| 26.29 % | $ 16916.57 | $ 16610.95 | $ 33527.52 | $ 36027.52 |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 465.66 | Monthly Beginning 10/13/2013 |
| N/A | $ N/A | N/A |

**Security.** I am giving a security interest in the goods being purchased.

**Late Charge:** If a payment (other than the final payment) is not paid on or before the 10th day after its due date, I may be charged $ __10.00__ or __5__ % of the unpaid amount, whichever is less.

**Prepayment:** If I pay off early, I will not have to pay a penalty.

I should see my contract documents for any additional information about nonpayment, default and any required repayment in full before the scheduled date.

### 3. ITEMIZATION OF AMOUNT FINANCED AND OTHER CHARGES

(a) Cash Price . . . . . . . . . . . . . . . $ __16850.00__
(b) Down Payment
Cash $ __1000.00__ (includes factory or manufacturer rebate of $ __N/A__)
Net Trade In $ __1500.00__
Trade-in: Allowance $ __1500.00__ Lien $ __N/A__
Year __2000__ Make __PONTIAC__ Model __GRAND PR__
Owed to __N/A__
Total Down Payment . . . . . . . . . $ __2500.00__
(c) Paid to Seller (a - b) . . . . . . . . . . $ __14350.00__
(d) Amounts Paid to Others
(1) Sales Tax To Public Off. $ __912.95__
(2) Filing Fees To Public Off. $ __10.00__
(3) Title Fees To Public Off. $ __89.00__
(4) To property ins. co.
for these coverages: $ __N/A__
☐ Comprehensive $ __N/A__ deductible
☐ Collision $ __N/A__ deductible
☐ Fire, Theft & Combined Additional Coverage
(5) To liability ins. co. $ __N/A__
(6) To __N/A__ $ __N/A__
(7) To ~~RESOURCE~~ SRV CONT $ __1249.00__
(8) To N/A Old Republic $ __N/A__
(9) To N/A L.P. $ __N/A__
(10) To credit life ins. co. $ __N/A__
(11) To credit acc. ins. co. $ __N/A__
Total Amount Paid to Others (Seller may be retaining a portion of this amount) . . . . . . . . . $ __2260.95__
(e) Amount Financed (c+d) . . . . . . . $ __16610.95__

### 4. SECURITY AGREEMENT (Do not use if Collateral is a residential dwelling)

I grant to Seller a security interest in the goods described in Section 1 above, and all accessions to and proceeds of such goods ("**Collateral**"). The Collateral secures performance of all my obligations in this Agreement and all extensions, modifications and renewals of them ("**Obligations**").

### 5. COVENANTS

(a) **Ownership and Purpose.** Acting alone, I may grant a security interest in the Collateral. The Obligations under this Agreement are incurred and the Collateral is acquired primarily for personal, family or household purposes. I agree that the Collateral will not be used as a residential dwelling.
(b) **Title.** Vehicle will be ☒ titled in Wisconsin ☐ titled in _____ ☐ not titled.
(c) **Location.** The Collateral will be kept at the address set forth below Section 6, or, if not, at: _____, and such location shall not be changed without providing at least 30 days prior written notice of the change to Seller, but I intend that the Collateral, wherever located, is covered by this Agreement.
(d) **Marital Information.** For Wisconsin residents only: I am ☐ married ☒ unmarried ☐ legally separated. If I am married and my spouse is not signing below the name of my spouse is _____ and my spouse resides at ☐ the address shown below Section 6 or at ☐ _____
(e) **Marital Purpose.** If I am a married Wisconsin resident, the obligation evidenced by this Agreement is being incurred in the interest of my marriage or family. __X__
CUSTOMER
(f) **Name and Address.** My legal name is as set forth below Section 6. The address of my principal residence is as set forth below Section 6. I will not change my legal name or address without providing at least 30 days prior written notice to Seller.
(g) **Maintenance of Security Interest.** To the extent not prohibited by law, I shall pay all expenses and, upon request, deliver any document and take any action reasonably deemed advisable by Seller to preserve the Collateral or to establish, evidence, determine and maintain priority of, perfect, continue perfected, terminate and/or enforce Seller's interest in it or rights under this Agreement. I authorize Seller to file Uniform Commercial Code financing statements describing the Collateral and amendments to such financing statements and ratify any such financing statement or amendment filed prior to the date of this Agreement.
(h) **Additional Covenants.** I shall observe and comply with the Additional Provisions on the reverse side and shall not permit an event of default to occur.

### 6. PERSONS BOUND AND ADDITIONAL PROVISIONS

"I", "my", "me" and "mine" includes each customer who signs this Agreement and our obligations are joint and several, except that _____
_____ signs below solely to grant a security interest in the Collateral. This Agreement
(NAME)
benefits Seller, its successors and assigns, and binds me and my heirs, personal representatives, successors and assigns. **This Agreement includes the Insurance Provisions and the Additional Provisions on the reverse side.** I have received a completed copy of this Agreement.

*The Annual Percentage Rate may be negotiable with Seller. Seller may assign this Agreement and retain its right to receive a part of the Finance Charge.*

**NOTICE TO CUSTOMER**
(a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF FINANCE CHARGE.

Dated __08/29/2013__

__KAYSER FORD, INC.__ (SEAL)   X _____ (S
SELLER                                         CUSTOMER
By: __[signature]__                       REGINALD PEARNELL
      AUTHORIZED SIGNATURE

Seller's Address: __2303 W. BELTLINE HWY__    X _____
                                                                      CUSTOMER
__MADISON, WI WI 53713__

Customer's Address: __47 OAK POINT DR #3 JUNEAU WI 53039__

* Type or print name signed above.        08/29/2013   02:24 pm

Exhibit A

## 7. INSURANCE

**(a) CREDIT LIFE AND CREDIT ACCIDENT AND SICKNESS INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT, AND WILL NOT BE PROVIDED UNLESS I SIGN AND AGREE TO PAY THE ADDITIONAL COST.** I want the insurance at the cost(s) shown below for the term of the Agreement (or _____ months, whichever is less) subject to terms and conditions of separate policy or certificate of insurance.

Credit Life Insurance:   $_____N/A_____   X _____   X _____
                                                    Insured                Joint Insured

Credit Acc. & Sick. Ins.:   $_____N/A_____   X _____   X _____
                                                    Insured                Joint Insured

**(b) DEBT CANCELLATION COVERAGE, SPECIFICALLY CALLED GUARANTEED AUTOMOBILE PROTECTION ("GAP"), IS NOT REQUIRED TO OBTAIN CREDIT AND GAP WILL NOT BE PROVIDED UNLESS I ELECT SUCH COVERAGE AND SIGN AND AGREE TO PAY THE ADDITIONAL COST.** I elect GAP and agree to pay the cost shown below for the original term of this Agreement (or __N/A__ months, whichever is less), subject to terms and conditions of the separate GAP description of coverage. GAP coverage cost is $ _____N/A_____.
I acknowledge receipt of the description of GAP coverage separately provided to me.

X _____   X _____
          CUSTOMER                              CUSTOMER

**(c) I MAY OBTAIN PROPERTY AND LIABILITY INSURANCE FROM ANYONE I WANT THAT IS REASONABLY ACCEPTABLE TO SELLER.** If I get the insurance from Seller, I will pay $ _____N/A_____ for estimated term of _____N/A_____ months.

**(d) WARNING:** Unless an amount appears on line d(5) of Section 3, insurance coverage hereunder is not public liability insurance and does not protect the driver of the vehicle from liability for damages resulting from negligent use of the vehicle.

## 8. ADDITIONAL PROVISIONS

**(a) Maintenance of Collateral.** I shall: maintain the Collateral in good condition and repair and not permit its value to be impaired; keep it free from all liens, encumbrances and security interests prior in right to those of Seller; defend it against all claims and legal proceedings by persons other than Seller; pay and discharge when due all taxes, license fees, levies and other charges upon it; not sell, lease or otherwise transfer or dispose of it or permit it to become a fixture or accession to other goods except as specifically authorized in this Agreement or in writing by Seller; and not permit it to be used in violation of any applicable law, regulation or policy of insurance, the violation of which could result in loss or damage to any Collateral or impairment of the insurance on it. Loss of or damage to the Collateral shall not release me from any of the Obligations.

**(b) Insurance.** If the Collateral is of a value of $800 or more, and the amount financed (exclusive of insurance charges) is $800 or more, I shall keep all Collateral and Seller's interest in it, insured for all risks of physical damage to or loss of the Collateral throughout the term of this Agreement and any renewals, extensions or modifications of it under policies with such provisions, for such amounts (not more than the value of the Collateral or the aggregate outstanding balance of the Obligations, whichever is less) and by such insurers as shall be reasonably satisfactory to Seller from time to time. I shall furnish satisfactory evidence of such insurance to Seller. Subject to Seller's satisfaction, I am free to select the insurance agent or insurer through which such insurance is obtained by me. I assign (and direct any insurer to pay) to Seller the proceeds of all such insurance and any premium refund and authorize Seller to endorse in my name any instrument for such proceeds or refund and, at the option of Seller, to apply such proceeds and refunds to any unpaid balance of the Obligations, whether or not due, and/or to restoration of the Collateral, returning any excess to me. Seller is authorized, in my name or otherwise, to make, adjust and/or settle claims under any credit insurance financed by Seller and any insurance on the Collateral, or cancel the same after the occurrence of an event of default and giving any prior notice required by the Wisconsin Consumer Act. If I fail to keep any required insurance on the Collateral, Seller may purchase such insurance for me, such insurance may be acquired by Seller solely to protect the interest of Seller (and will not cover my equity in the Collateral), and my obligation to repay Seller shall be in accordance with Section 8(d).

**(c) Inspection of Collateral.** Seller is authorized to examine the Collateral wherever located at any reasonable time or times; and I shall assist in making any such inspection.

**(d) Authority of Seller to Perform for Me.** Seller may perform or cause to be performed any duties set forth in this Agreement with respect to preserving or insuring the Collateral including without limitation signing my name or paying any amount so required, if I fail to perform any of such duties after written notice to me and a reasonable opportunity for me to perform, if any, required by law. The costs of Seller's performance shall be one of the Obligations secured by this Agreement, shall be payable by me upon demand and shall bear interest from the date of expenditure by Seller to the date of payment by me at the default rate disclosed on the front of this Agreement.

**(e) Ability to Pay.** I shall not take any action or permit any event to occur which materially impairs my ability to pay any of the Obligations when due. Such events may include, without limitation, the fact that I, my spouse or any surety of the Obligations dies, changes marital status or domicile or becomes insolvent or the subject of bankruptcy or other insolvency proceedings.

**(f) Default.** Upon the occurrence of any one or more of the following Events of Default:

(1) **Payments.** (i) If the interval between scheduled payments is 2 months or less, to have outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after the due dates or the failure to pay the first or last payment within 40 days after its due date; (ii) if the interval between scheduled payments is more than 2 months, to have all or any part of one scheduled payment which has remained unpaid for more than 60 days after its due date; or (iii) the failure to pay the only scheduled payment within 40 days after its due date;

(2) **Nonperformance.** I fail to observe or perform any of my other covenants or duties contained in this Agreement if the failure materially impairs the condition, value or protection of or Seller's right in any Collateral, or materially impairs my ability to pay any of the Obligations when due; or

(3) **False Statement.** I made a material false statement in my credit application to Seller that preceded this Agreement;

Seller shall have all of the rights and remedies for default provided by applicable law and this Agreement. With respect to such rights and remedies:

(4) **Acceleration.** Each Obligation as to which an Event of Default has occurred shall, at the option of Seller and without further notice or demand, become immediately payable unless notice to me and an opportunity to cure is required by §425.105, Wis. Stats., and, in that event, such Obligation shall become payable if such default is not cured as provided in that statute, within 15 calendar days after mailing of such notice to me.

(5) **Repossession.** Unless the Collateral is removed from Wisconsin under §421.201(5), Wis. Stats., abandoned under §425.207(2), Wis. Stats., or Seller has perfected its right to take possession of the Collateral consisting of a motor vehicle under §425.206(1)(d), Wis. Stats., I have a right to a court hearing on the issue of default before any repossession of any Collateral, but by surrendering the Collateral, I waive such right.

(6) **Assembling Collateral.** After Seller has the right to possession of the Collateral, Seller may require me to assemble the Collateral and to make it available to Seller at a place designated by Seller which is reasonably convenient to both parties.

(7) **Notice of Disposition.** Notice, when required by law, mailed to me at least 10 calendar days (counting the day of mailing) before the date of a proposed disposition of the Collateral is reasonable notice.

(8) **Expenses and Application of Proceeds.** Seller may recover from me and the proceeds of disposition any expenses incurred in taking possession, holding, preparing for disposition and disposing of the Collateral (provided, however, Seller has no obligation to clean-up or otherwise prepare the Collateral for sale) to the extent permitted by the Wisconsin Consumer Act. After deduction of such expenses, Seller may apply the proceeds of disposition to the Obligations in such order and amounts as it elects to the extent permitted by the Wisconsin Consumer Act; and

(9) **Waiver.** Seller may waive any default without waiving any other subsequent or prior default by me.

**(g) Partial Prepayments.** Partial prepayments shall be applied by Seller or its assignee to the payment of unpaid principal owed on this Agreement at the time of the partial prepayment and all remaining scheduled payments due under this Agreement shall continue to be paid when due, unless I instruct Seller or its assignee otherwise.

**(h) Interpretation.** The validity, construction and enforcement of this Agreement are governed by the internal laws of Wisconsin, except that recovery of Collateral shall be governed by the law of the state in which the Collateral is located at the time of recovery to the extent authorized by §421.201(5), Wis. Stats. All terms not otherwise defined have the meanings assigned to them by the Wisconsin Uniform Commercial Code and the Wisconsin Consumer Act. All references in this Agreement to sections of the Wisconsin Statutes are to those sections as they may be renumbered from time to time. Unless otherwise required by the Wisconsin Consumer Act, invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions.

**(i) Miscellaneous.** Without affecting my liability under this Agreement, Seller may, without notice, grant renewals or extensions, accept partial payments, release or impair any security interest or lien in collateral security for the Obligations or agree not to sue any party liable on this Agreement. Presentment, protest, demand and notice of dishonor are waived. I acknowledge that Seller has not made any representations or warranties with respect to, and that Seller does not assume any responsibility to me for, the collectability or enforceability of the Agreement or the financial condition of any of us. Each of us has independently determined the collectability and enforceability of this Agreement. This Agreement is intended by Seller and me as a final expression of this Agreement and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Agreement. This Agreement may not be supplemented or modified except in writing. This Agreement benefits Seller, its successors and assigns, and binds me and my heirs, personal representatives, successors and assigns.

**(j) Assignment and Defense Against Assignee.** This Agreement may be assigned by Seller.

---

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

**(k) TELEPHONE MONITORING AND CALLING.** From time to time, I agree Seller or its assignee may monitor and record telephone calls regarding my account to assure the quality of service provided by Seller or its assignee. In order for Seller or its assignee to service my account or to collect any amounts I may owe, and subject to applicable law, I agree that Seller or its assignee may from time to time make calls and send text messages to me using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number I provide to Seller or its assignee in connection with my account, including a mobile telephone number that could result in charges to me.

08/29/2013    02:24 pm

Exhibit A



# WISCONSIN

**MAILING LABEL ONLY**

SANTANDER CONSUMER USA
PO BOX: 25120
LEHIGH VALLEY, PA 18002-5120

Amount Received: $   .00

MAILING LABEL ONLY

## WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | Year | Make | | | |
|---|---|---|---|---|---|
| 1N4AL2AP7BN502227 | 2011 | NISSAN | | | |
| **Title Number** | **Issue Date** | **Chassis Type** | **Odometer Reading** | **Odometer Status** | **Odometer Date** |
| 13253C484019-8 | 09/10/2013 | AUTO | 42367 | ACTUAL | 08/29/2013 |
| **Product Number** | **Body Style** | **Color** | | | **Fleet No.** |
|  | 4DR SEDAN |  | | |  |

**Titled Owner(s)**
PEARNELL REGINALD J
47 OAK POINT DR #3
JUNEAU, WI 53039

**LENDER Certifies Release of Lien:**
Lien holder:
Title:
Printed name:
Signature:
Date:

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.

1N4AL2AP7BN502227

**Lien Holder(s)**
SANTANDER CONSUMER USA, LEHIGH VALLEY

**Additional Vehicle Detail**
PREVIOUSLY TITLED IN: CA

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

MAIL ADDRESS:
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949

QUESTIONS:
Contact the Division of Motor Vehicles at:

Exhibit B

## BILL OF SALE AND ASSIGNMENT

Santander Consumer USA Inc. ("Seller"), for value received and pursuant to the terms and conditions of the Forward Flow Financial Assets Sale Agreement, dated as of March 31, 2015, as amended from time to time (the "Financial Assets Sale Agreement"), between Seller and Wollemi Acquisitions, LLC, as successor in interest to NCEP, LLC ("Buyer"), hereby assigns effective as of the Closing Date:

(a) all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in the Financial Assets Sale Agreement and Financial Asset Schedule (attached hereto as Exhibit "A") attached hereto and made part hereof for all purposes, and

(b) all principal, interest or other proceeds of any kind with respect to the Financial Assets described on the Financial Asset Schedule, but excluding any payments or other consideration received by Seller on or prior to the Cut-off Date.

Pursuant to the foregoing assignment, the Seller stipulate that Buyer may be substituted for Seller as the valid owner of the Claims relating to the Financial Assets and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) or otherwise.

SANTANDER CONSUMER USA INC. d/b/a Drive Financial Services

By: _____

Name: Rich Morrin

Title: COO


STATE OF TEXAS     )
                   )
COUNTY OF DALLAS   )


Sworn before me this 15th day of December, *the year of our Lord*, 2016.

_____
(Notary Stamp & Signature)

My commission expires: 09/03/17


NARI LEDARA
Notary Public, State of Texas
My Commission Expires
September 03, 2017

Exhibit B

## EXHIBIT "A"

### FINANCIAL ASSET SCHEDULE
(Computer File – Required Data Fields)

Account Number
First Name
Last Name
Address
City
State
Zip
SSN
Co- First Name
Co- Last Name
Co-SSN
Vehicle VIN
Model Year
Vehicle Manufacturer
Vehicle Model
Contract State
Charge Off Date
Claims Category
Charge Off Principal
Date Funded
Name of Originator
Amount Financed
Current Balance
Last Transaction Date
Last Transaction Amount
Last Payment Date
Last Payment Amount
Collateralized (Y/N)
File Date
Case Number
POC Claim Amount
Title (Y/N)
Title Vendor Code
Application ID
Purchase Price Category

Exhibit B

     

# Affidavit of Fact

One of the following names may appear on record, which is a company, affiliate, or a subsidiary company where Santander Consumer USA has rights to service, secure or release the interest on vehicle records, also to include repossession and procurement of vehicle. Please accept this as evidence and proof.

- 1st Community Federal Credit Union
- A.S. & L. Motors LTD
- ACC
- ACC Consumer Finance
- Active Financial Corporation
- Advantage Funding Group, Inc.
- Affiliated Financial Corporation
- Agents Financial
- Alice AutoPlex, Inc.
- Alphera Financial Services
- American Auto Funding Corporation
- American Credit Company
- American Financial Company, Inc.
- American General Financial Services, Inc.
- Ameristar Financial Company
- AmSouth Bank
- AmSouth Financial Corporation
- AmTrust Auto Finance
- AmTrust Bank
- Arcadia Financial LTD
- Associates Allied Financial Company
- Associates Capital Bank
- Associates Financial Services Company, Inc.
- Auto Dealer Financing Inc (ADF)
- Auto Holdings Inc.
- Auto Mortgage Bankers Corporation
- Auto One Acceptance Corporation
- Auto One Titles Administration
- Auto Select I, L.P.
- Auto Union LTD
- Autobanc Corp, d/b/a CNAC
- Autoinfo, Inc.
- Automotive Funding Group, Inc. d/b/a County Financial
- AVCO
- AVCO Financial Services of Colorado, Inc.
- AVCO Financial Services of Southern California, Inc.
- AVCO Financial Services TWO, Inc.
- AVCO Investment Corp.
- AVCO Mortgage Centers, Inc.
- Balboa Thrift & Loan Association
- Banc Financial, Inc.
- Bank Boston
- Bank of America, N.A.
- Bank of Northern Illinois, N.A.
- Barnett Dealer Financial Services, Inc.
- BarNone Consumer Finance, Inc.
- Bayquest Capital Corporation
- Beneficial
- Beneficial Loans and Thrift Company
- Bennett Brothers Motors
- BHFC Financial Services, Inc.
- Billie J. Inc. d/b/a Courtesy Auto Sales
- Billy Bailey's Affordable Auto Sales
- Billy's Auto Sales, Inc.
- Boatmen's Bank of Tennessee
- BPD Bank, NY
- C.F. Capital Finance, Inc.
- Cal Fed BK
- California Bancorp Systems, Inc.
- Callowhill Consumer Discount Company (CCDC)
- Cam Finance, Inc.
- Carloanco, Inc.
- CarNow Acceptance Corporation of Indiana, Inc.
- Challenge Financial Services, Inc.
- Chase Bank d/b/a Texas Commerce Bank
- Chrysler Financial
- Citi
- Citibank Texas N.A. FKA First American Bank
- CitiFinancial
- CitiFinancial Auto
- CitiFinancial Auto Corporation
- CitiFinancial Auto Credit Corp
- Coast-To-Coast SPV-1 Corp
- Commonwealth Thrift
- Compass Bank
- Credit Acceptance Corporation
- Credit Car America, Inc.
- Credit Country, Inc. d/b/a Car Country
- Credit Union Acceptance Corporation
- CU Dealer Direct, LLC
- Custom Auto Finance
- DaimlerChrysler Services North America LLC
- Dallas North Acceptance Corporation
- DC FIN SERV
- DC Fin Services North America
- DC FIN SVCS AMBR LLC
- DC Financial
- DC Financial Services
- DC Services NA LLC
- DCFS USA LLC
- Deutsche Financial Services
- DFS Corp
- Drive Financial
- Drive Financial Services
- Eagle Finance Corp
- Eastern Bank Corporation
- Easy Ride Auto Sales, Inc.
- Edgar County Bank & Trust Company
- Elite Motors
- E-Loans, Inc.
- Enterprise Plan, Inc.
- EPIC Financial Services, L.L.C.
- Equity Auto Finance, Inc.
- Equity One
- ETRADE Consumer Finance Corp
- ETRADE Financial Corp
- Excalibur Financial Services, LP
- Federated Funding V, L.L.C.
- Ferro Industries Inc. d/b/a Marc Schooley Motor Co.
- Fifth Third Bank
- First Auto Credit, Inc.
- First Community Federal Credit Union
- First Credit
- First Financial Credit Corp.
- First Hialeah Community Credit Union
- First Landmark Acceptance Group, Inc.
- First Western Bank
- FirstCity Consumer Finance
- FirstCity Funding Corp.
- FirstCity Servicing
- Fiscal Financial, Inc.
- Flagship Credit Corporation
- Fleet Financial Corporation
- Folsoms Auto Sales Corporation-John Folsom
- Franklin Capital Corporation
- Franklin Motor Company-Michael D. Ripptoe
- Franklin Receivables LLC
- Franklin Templeton Bank and Trust
- Friendly Car Company, Inc.
- Ganis Credit Corp
- GE Capital Consumer
- GE Capital Corp
- GE Capital Retail
- GEMB
- GEMB Lending
- General Acceptance Corporation
- Gillco Finance Company
- Golden State Research Company
- Goshen Fidelity, Inc.
- Granite Financial Company, Inc.
- Graypoint Funding, LLC
- Guaranty Bank
- Guaranty Federal Bank, FSB
- Guess Motor Acceptance, Inc.
- Gulf States Acceptance Company, LP.
- HACC
- HAF
- HAFC
- HAFI
- Hamilton Capital Group, Inc.
- Harbourton Reassurance, Inc.
- HFC
- HFC Auto Credit Corp.
- HFTA First Financial Corporation
- Hicksville Building Loan and Savings Bank
- Hoffmeier Enterprises, Inc d/b/a Hoffmeier Auto Sales
- Holiday Auto Sales
- Household
- Household Automotive Corp
- Household Automotive Credit Corp
- Household Automotive Finance
- Household Automotive Finance Corp
- Household Automotive Funding
- Household Bank FSB
- Household Finance
- Household Realty Corporation
- HSBC
- HSBC Auto
- HSBC Auto Accounts
- HSBC Auto Credit
- HSBC Auto Finance
- HSBC Bank USA, N.A.
- HSBC Credit Center
- HSBC Motor Credit
- Huntington State Bank
- Imperial Thrift and Loan Association
- Independent Bank
- Interstate Diversified Financial, Inc.

Exhibit B



  HSBC  RoadLoans.com  citi financial auto  Sovereign Bank

- Interstate Net Bank
- JBM Auto Sales, Inc.
- Jerry's Texas Sales, Inc.
- Kar Financial, Inc.
- Karlen Motor Company, Inc.
- Kentucky Finance Co, Inc.
- Landen Motors, Inc.
- Leisa's Auto, Inc.
- Lendco Financial Services, Inc.
- Loan Pros, Inc
- Local Acceptance Company of Florida
- M & I Marshall & Ilsley Bank
- M-97 Auto Sales
- Marlton Auto Credit Corporation
- Mid-Atlantic Finance
- Mill Creek Bank
- Mills State Bank
- Mission Oaks National Bank
- Mitsubishi Motor Credit America, Inc.
- MMCA
- Motor Vehicle Acceptance Corp.
- Motors Acceptance Corp.
- Mr. B Motor Company
- Mr. B Motor Company and TAS Inc
- N.F.S, Inc d/b/a Northcoast Financial Services
- NAF Auto Loan Trust
- National Auto Financial Auto Loan Trust
- NationsBank Dealer Financial Services, Inc.
- Nationwide Auction Systems, Inc.
- NBD Bank
- Netbank
- New Horizons Community Credit Union
- New York Community Bank
- Norwest Bank Minnesota, National Association
- OFLA
- OFL-A Receivables Corporation
- Ohio Savings Bank
- Olympic Financial LTD
- One Source Finance LLC d/b/a Lendco Auto Finance
- Overland Financial Services, LLC
- Paynes Car Company

- Penn Acceptance Corporation
- PeopleFirst
- Peters Auto Sales, Inc.
- Plano Bank & Trust
- Preferred Auto Finance, LLC
- Prestige Financial Services, Inc.
- Price Right Automotive
- Provident Bank of Maryland
- Quantum Auto Group, LLC
- R & C Premier Sales, Inc.
- Record Acceptance Corp
- Regency Financial Corp
- Reliant Financial Corp
- Richardson Ford, Inc. d/b/a North Central Ford
- Ricky's Auto Sales Co, Inc.
- River Works Credit Union
- Rivera Motors, LLC
- Rivergate Corp. d/b/a Automobile Acceptance Corp
- RoadLoans
- RoadLoans.com
- Sam White Finance Co.
- Santander
- Santander Auto Finance
- Santander Consumer
- Santander Consumer Funding 3 LLC
- Santander Consumer USA Inc.
- Seawest Acceptance, Inc.
- Security National Automotive Acceptance Corp.
- Seneca Finance
- Sierra Acceptance Corp
- Sinclair Financial Group, Inc.
- Smith Auto Sales
- Snipes Used Cars
- Southeast Lending, Inc.
- Sovereign Bank
- Spirit Automotive
- STA, Inc. d/b/a Car Mart Auto Sales
- Stanford Federal Credit Union
- Star Financial Services, Inc.
- Sterling Bank
- Stoneage Financial Corporation

- Sun States Financial Co., Inc.
- Sunshine Auto Sales, Inc.
- Sunshine Enterprise of Charleston, Inc.
- Superior Bank FSB
- Synergy Bank
- Taylor Trading Company
- TD Auto Finance LLC
- Texas Commerce Bank
- Texas Credit Corp.
- The Berlin City Bank
- Thor Credit Corp
- Timberlink Settlement Services
- TranSouth Financial Corp.
- TranSouth Mortgage Corp.
- Triad Capital Corp.
- Triad Capitol Corp.
- Triad Financial Corp
- Triad Financial Services
- U.S. Financial Corp.
- UABO
- UAC
- UACC
- Union Acceptance Corp
- United Auto Business Operations
- United Auto Credit
- United Auto Credit Corp.
- UNO Auto Sales
- Virtual Lending Source, LLC
- Voyager Financial Services, Inc.
- Wells Fargo Bank
- Whitley's Discount Auto Sales
- Wilder Finance Corp.
- World Omni Financial Corp.
- Young Chevrolet Company d/b/a YES Finance Co.

Sincerely,

Santander Consumer USA Inc.



Subscribed and sworn to before me this _3_ day of _May_, 2013.

Notary Public, State of Texas, County of Tarrant

Exhibit B

# N.A.D.A. Official Used Car Guide
# Vehicle Valuation

Print Date: October 04, 2021

---

Vehicle Description:   2011 NISSAN Altima-4 Cyl. Sedan 4D S
VIN:   1N4AL2AP7BN502227

**Base Values**

Retail: $ 6525.00          Wholesale/Trade-in: $ 4375.00

**Optional Equipment/Adjustments**

Estimated Miles: 132500          $ 0.00

**Total Adjusted N.A.D.A. Used Car Guide Values**

Retail: $ 6525.00          Retail/Wholesale Average: $ 5450.00

Reference 10/2021 Central

Exhibit C

**Payment History**
**Reginald J Pearnell**

| AccountID | Portfolio | AccountID | cUserKey | dPost | dEffective | cTranDescr | cCash | nTranAmount | nPrincipalBal | nTranPrinc | nTranInter | nTranLateC | nTranMisc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/18/2013 | 11/18/2013 | Money Gra | Y | -$225.00 | $16,610.95 | $0.00 | -$225.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/22/2013 | 11/22/2013 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/14/2013 | 12/14/2013 | Drive Colle | Y | -$240.66 | $16,610.95 | $0.00 | -$240.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/14/2013 | 12/14/2013 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/14/2013 | 12/14/2013 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/28/2013 | 12/28/2013 | Drive Colle | Y | -$475.66 | $16,610.95 | $0.00 | -$475.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/28/2013 | 12/28/2013 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/28/2013 | 12/28/2013 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/22/2014 | 1/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/8/2014 | 2/8/2014 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/8/2014 | 2/8/2014 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/8/2014 | 2/8/2014 | Drive Colle | Y | -$475.66 | $16,610.95 | $0.00 | -$475.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/21/2014 | 2/21/2014 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/21/2014 | 2/21/2014 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/21/2014 | 2/21/2014 | Drive Colle | Y | -$465.66 | $16,610.95 | $0.00 | -$465.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 3/22/2014 | 3/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 4/1/2014 | 4/1/2014 | Extension | N | $0.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 4/1/2014 | 4/1/2014 | Extension | N | $0.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/22/2014 | 5/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/14/2014 | 6/14/2014 | Drive Colle | Y | -$213.00 | $16,610.95 | $0.00 | -$213.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 7/22/2014 | 7/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 7/25/2014 | 7/25/2014 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 7/25/2014 | 7/25/2014 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 7/25/2014 | 7/25/2014 | Drive Colle | Y | -$500.00 | $16,610.95 | $0.00 | -$500.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/7/2014 | 8/7/2014 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/7/2014 | 8/7/2014 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/7/2014 | 8/7/2014 | Drive Colle | Y | -$500.00 | $16,610.95 | $0.00 | -$500.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/8/2014 | 7/25/2014 | Return - NS | Y | $500.00 | $16,610.95 | $0.00 | $500.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/8/2014 | 7/25/2014 | Return - NS | N | $15.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $15.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/8/2014 | 7/25/2014 | Speedpay | N | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/8/2014 | 7/25/2014 | Speedpay | Y | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/9/2014 | 8/9/2014 | Drive Colle | Y | -$432.00 | $16,610.95 | $0.00 | -$432.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/22/2014 | 8/7/2014 | Speedpay | N | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/22/2014 | 8/7/2014 | Speedpay | | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/22/2014 | 8/7/2014 | Return - St | Y | $500.00 | $16,610.95 | $0.00 | $500.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/22/2014 | 8/9/2014 | Return - St | Y | $432.00 | $16,610.95 | $0.00 | $432.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/22/2014 | 8/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/25/2014 | 8/25/2014 | Money Gra | Y | -$469.00 | $16,610.95 | $0.00 | -$469.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/22/2014 | 9/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/22/2014 | 10/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/24/2014 | 10/24/2014 | Extension | N | $0.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/24/2014 | 10/24/2014 | Extension | N | $0.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/22/2014 | 11/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/2/2014 | 12/2/2014 | Money Gra | Y | -$469.00 | $16,610.95 | $0.00 | -$469.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/4/2014 | 12/4/2014 | Money Gra | Y | -$469.00 | $16,610.95 | $0.00 | -$469.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/22/2014 | 12/22/2014 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/22/2015 | 1/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/11/2015 | 2/11/2015 | Money Gra | Y | -$900.00 | $16,610.95 | $0.00 | -$900.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/20/2015 | 2/20/2015 | Money Gra | Y | -$488.00 | $16,610.95 | $0.00 | -$488.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 3/22/2015 | 3/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 4/22/2015 | 4/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/15/2015 | 5/15/2015 | Drive Colle | Y | -$465.66 | $16,610.95 | $0.00 | -$465.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/15/2015 | 5/15/2015 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/15/2015 | 5/15/2015 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/19/2015 | 5/19/2015 | Extension | N | $0.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/19/2015 | 5/19/2015 | Extension | N | $0.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 5/28/2015 | 5/28/2015 | Money Gra | Y | -$469.00 | $16,610.95 | $0.00 | -$469.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/1/2015 | 5/15/2015 | Return - NS | Y | $465.66 | $16,610.95 | $0.00 | $465.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/1/2015 | 5/15/2015 | Return - NS | N | $15.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $15.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/1/2015 | 5/15/2015 | Speedpay | N | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/1/2015 | 5/15/2015 | Speedpay | Y | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/22/2015 | 6/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 7/22/2015 | 7/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/11/2015 | 8/11/2015 | Money Gra | Y | -$469.00 | $16,610.95 | $0.00 | -$469.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/4/2015 | 9/4/2015 | Drive Colle | Y | -$465.66 | $16,610.95 | $0.00 | -$465.66 | $0.00 | $0.00 |

Exhibit D

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/4/2015 | 9/4/2015 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/4/2015 | 9/4/2015 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/21/2015 | 9/4/2015 | Return - NS | Y | $465.66 | $16,610.95 | $0.00 | $465.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/21/2015 | 9/4/2015 | Return - NS | N | $15.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $15.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/21/2015 | 9/4/2015 | Speedpay | N | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/21/2015 | 9/4/2015 | Speedpay | Y | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/22/2015 | 9/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/6/2015 | 10/6/2015 | Money Gra | Y | -$466.00 | $16,610.95 | $0.00 | -$466.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/22/2015 | 10/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/30/2015 | 10/30/2015 | Drive Colle | Y | -$465.66 | $16,610.95 | $0.00 | -$465.66 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/30/2015 | 10/30/2015 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/30/2015 | 10/30/2015 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/22/2015 | 11/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/27/2015 | 11/27/2015 | Drive Colle | Y | -$458.00 | $16,610.95 | $0.00 | -$458.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/27/2015 | 11/27/2015 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 11/27/2015 | 11/27/2015 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/22/2015 | 12/22/2015 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/31/2015 | 12/31/2015 | Drive Colle | Y | -$466.00 | $16,610.95 | $0.00 | -$466.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/31/2015 | 12/31/2015 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/31/2015 | 12/31/2015 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/15/2016 | 12/31/2015 | Return - NS | N | $15.00 | $16,610.95 | $0.00 | $0.00 | $0.00 | $15.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/15/2016 | 12/31/2015 | Return - NS | Y | $466.00 | $16,610.95 | $0.00 | $466.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/15/2016 | 12/31/2015 | Speedpay | Y | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/15/2016 | 12/31/2015 | Speedpay | N | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 1/22/2016 | 1/22/2016 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/6/2016 | 2/6/2016 | Drive Colle | Y | -$466.00 | $16,610.95 | $0.00 | -$466.00 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/6/2016 | 2/6/2016 | Speedpay | N | $10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | $10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/6/2016 | 2/6/2016 | Speedpay | Y | -$10.95 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$10.95 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 2/22/2016 | 2/22/2016 | System Ge | N | $10.00 | $16,610.95 | $0.00 | $0.00 | $10.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 4/15/2016 | 4/15/2016 | Replevin Le | N | $944.50 | $16,610.95 | $0.00 | $0.00 | $0.00 | $944.50 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 4/25/2016 | 4/25/2016 | Waiver of F | N | -$944.50 | $16,610.95 | $0.00 | $0.00 | $0.00 | -$944.50 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 6/16/2016 | 6/14/2016 | Bankruptcy | Y | -$38.16 | $16,610.95 | $0.00 | -$38.16 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 7/18/2016 | 7/15/2016 | Bankruptcy | Y | -$352.87 | $16,610.95 | $0.00 | -$352.87 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 8/11/2016 | 8/9/2016 | Bankruptcy | Y | -$357.58 | $16,610.95 | $0.00 | -$357.58 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 9/10/2016 | 9/8/2016 | Bankruptcy | Y | -$357.58 | $16,610.95 | $0.00 | -$357.58 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 10/11/2016 | 10/10/2016 | Bankruptcy | Y | -$423.81 | $16,610.95 | $0.00 | -$423.81 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/8/2016 | 12/7/2016 | Bankruptcy | Y | -$356.82 | $16,610.95 | $0.00 | -$356.82 | $0.00 | $0.00 |
| XXXXXXXX | AIS | XXXXXXXX | XXXXXXXXXX | 12/15/2016 | 12/7/2016 | Partial Por | Y | $356.82 | $16,610.95 | $0.00 | $356.82 | $0.00 | $0.00 |

Exhibit D

# PAYMENT HISTORY

**Customer:** Pearnell, Reginald
**File ID:** CRF9-
**Acct #:**

| Payment Received | Principal | Interest | Total | Account Code | Check Date | Check # | Method | Code Note |
|---|---|---|---|---|---|---|---|---|
| 12/15/2016 | 356.82 | 0.00 | 356.82 | Import | 12/07/2016 | CRDG | Direct - Creditor Rec'd | Payment |
| 12/15/2016 | 356.82 | 0.00 | 356.82 | Import | 12/07/2016 | CRDG | Direct - Creditor Rec'd | Payment |
| 01/16/2017 | 356.82 | 0.00 | 356.82 | Secured | 01/12/2017 | 1488384 | Direct - Creditor Rec'd | Secured |
| 02/10/2017 | 277.57 | 28.79 | 306.36 | Secured | 01/31/2017 | 1490207 | Check - Trustee | |
| 03/07/2017 | 230.88 | 24.12 | 255.00 | Secured | 02/28/2017 | 1491894 | Check - Trustee | |
| 04/11/2017 | 229.27 | 25.73 | 255.00 | Secured | 03/31/2017 | 1493679 | Check - Trustee | |
| 05/11/2017 | 232.64 | 22.36 | 255.00 | Secured | 04/28/2017 | 1495376 | Check - Trustee | |
| 06/07/2017 | 229.70 | 25.30 | 255.00 | Secured | 05/31/2017 | 1497101 | Check - Trustee | |
| 07/10/2017 | 232.95 | 22.05 | 255.00 | Secured | 06/30/2017 | 1498789 | Check - Trustee | |
| 08/07/2017 | 163.41 | 19.69 | 183.10 | Secured | 07/28/2017 | 1500463 | Check - Trustee | |
| 09/18/2017 | 303.75 | 23.15 | 326.90 | Secured | 08/31/2017 | 1502239 | Check - Trustee | |
| 10/09/2017 | 236.46 | 18.54 | 255.00 | Secured | 09/29/2017 | 1503892 | Check - Trustee | |
| 11/07/2017 | 235.58 | 19.42 | 255.00 | Secured | 10/31/2017 | 1505597 | Check - Trustee | |
| 12/07/2017 | 237.76 | 17.24 | 255.00 | Secured | 11/30/2017 | 1507219 | Check - Trustee | |
| 01/10/2018 | 238.20 | 16.80 | 255.00 | Secured | 12/31/2017 | 1509389 | Check - Trustee | |
| 02/09/2018 | 239.21 | 15.79 | 255.00 | Secured | 01/31/2018 | 1511038 | Check - Trustee | |
| 03/07/2018 | 241.65 | 13.35 | 255.00 | Secured | 02/28/2018 | 1512623 | Check - Trustee | |
| 04/09/2018 | 241.69 | 13.31 | 255.00 | Secured | 03/30/2018 | 1514310 | Check - Trustee | |
| 05/09/2018 | 242.28 | 12.72 | 255.00 | Secured | 04/30/2018 | 1515928 | Check - Trustee | |
| 06/06/2018 | 243.31 | 11.69 | 255.00 | Secured | 05/31/2018 | 1517634 | Check - Trustee | |
| 07/10/2018 | 245.03 | 9.97 | 255.00 | Secured | 06/29/2018 | 1519238 | Check - Trustee | |
| 08/07/2018 | 245.07 | 9.93 | 255.00 | Secured | 07/31/2018 | 1520904 | Check - Trustee | |
| 09/10/2018 | 246.42 | 8.58 | 255.00 | Secured | 08/31/2018 | 1522537 | Check - Trustee | |
| 10/10/2018 | 247.71 | 7.29 | 255.00 | Secured | 09/30/2018 | 1524067 | Check - Trustee | |
| 11/07/2018 | 329.03 | 6.48 | 335.51 | Secured | 10/31/2018 | 1525662 | Check - Trustee | |
| 12/20/2018 | 382.51 | 4.99 | 387.50 | Secured | 11/30/2018 | 1527391 | Check - Trustee | |
| 01/14/2019 | 384.11 | 3.39 | 387.50 | Secured | 12/31/2018 | 1529093 | Check - Trustee | |
| 02/13/2019 | 385.71 | 1.79 | 387.50 | Secured | 01/31/2019 | 1530771 | Check - Trustee | |
| 03/12/2019 | 44.77 | 0.19 | 44.96 | Secured | 02/28/2019 | 1532410 | Check - Trustee | |
| **Total:** | **7637.13** | **382.66** | **8019.79** | | | | | |

Exhibit D